## McGEHEE ET AL. *v*. WEEKS.

[73 South. 287, Division B.]

1. MORTGAGE. *Deed as mortgage. Parol evidence. Cancellation of instruments. Suit to cancel deed. Relief. Sequestration.*
   The grantors of a deed, on the trial of their suit to cancel the deed on the theory that it was intended to be a mortgage or that they were by a separate instrument accorded the right to repurchase, had the right to show by parol evidence that the deed was intended to operate as a mortgage where they remained in possession after the giving of the deed.

2. CANCELLATION OF INSTRUMENTS. *Suit to cancel deed. Suggestion.*
   In a suit to cancel a deed absolute in form, on the theory that it was intended as a mortgage, where defendant filed a cross-bill averring that he was the landlord of complainants and that they were indebted to him for rent for a year, and that he believed that they would remove the agricultural products from the leased premises, unless sufficient goods were distrained, it was within the discretion of the chancellor to issue a writ of sequestration to seize sufficient crops to cover the amount of the rent; upon cross-complainants procuring a sufficient bond to indemnify complainant.

APPEAL from the chancery court of Attala county. HON. A. Y. WOODWARD, Chancellor.

Bill by M. J. McGehee and another against A. W. Weeks, wherein defendant filed a cross-bill and applied for a writ of sequestration. From an interlocutory decree granting the application, complainants appeal.

The facts are fully stated in the opinion of the court.

*James F. McCool* and *Thomas Land,* for appellant.

*Teat & Teat,* for appellee.

STEVENS, J., delivered the opinion of the court.

This appeal is prosecuted from an interlocutory decree granting an application on the part of the defendant and cross-complainant, A. W. Weeks, for a writ of sequestration to seize certain agricultural products grown upon the premises in litigation. Appellants were the complainants in the court below, and by their bill seek to cancel a deed absolute in form executed by them in favor of the defendant. The theory of the bill seems to be that this deed was intended as a mortgage, or at least that appellants by separate instrument of writing were accorded the right to repurchase the lands upon payment of one thousand nine hundred and sixty-five dollars and eighty-four cents on or before November 1, 1914; and in event they did not redeem the land by that date, they, by the same instrument, promise to pay the defendant or order the sum of one hundred twenty-five dollars as and for the rent of the premises for the year 1914, The writing by which they promise to pay rent and by which they are given the right to redeem the land appears to have been executed on the same day the deed of conveyance was signed and delivered.

This separate instrument is crudely drawn, but, whether it operates as a deed of defeasance or not, it appears from the pleadings that appellants, as the gran-

tors in the deed, remained in possession, and upon the
trial of the case upon its merits they would be permit-
ted to show by parol evidence or otherwise that the deed
was intended to operate as a mortgage. Their bill avers
that time for paying the amount necessary to redeem
was by oral agreement extended by Mr. Weeks. The
bill also avers that the consideration for the deed was
a previous indebtedness due by appellants to Mr.
Weeks, and that there is embraced in this indebtedness
usurious interest and other illegal charges. The ans-
wer denies the material allegations of the bill, and this
answer is made a cross-bill. It is averred in the cross-
bill that the defendant and cross-complainant is the
landlord of appellants; that appellants are indebted to
cross-complainant for the sum of fifteen dollars rent
of the premises for the year of 1914; that cross-com-
plainant has just cause to suspect, and does verily be-
lieve, that his tenants will remove the agricultural effects
from the leased premises unless sufficient goods are
seized and distrained, and for the purpose of making
sure the rents cross-complainant tenders a bond in the
sum of seven hundred dollars and prays for a writ of
sequestration and seizure of sufficient agricultural pro-
ducts to realize the full amount of rents claimed. Upon
the pleadings, affidavit, and bond thus tendered the
chancellor entered an interlocutory decree directing
the issuance of the writ of sequestration and a distress
warrant as prayed for, and to this action of the court
in rendering this decree appellants, as complainants
in the court below, excepted, and prayed for and ob-
taind an appeal.

We cannot say that the chancellor erred in the ren-
dition of the decree complained of. No testimony has
been taken, and the cause has not yet been tried upon
its merits. It was certainly within the power and the
sound discretion of the chancellor to issue the writ
of sequestration complained of. The cross-complainant
tendered and the chancellor required a good and suf-

ficient bond as a condition precedent, and this bond will indemnify appellants for any damages they sustain by reason of any improvident process of the court. If cross-complainant is a landlord, then certainly he ought to be secure in his rents for the year 1914. Appellants, as complainants in the court below, initiated this litigation, and subjected thereby the premises to the jurisdiction of equity. It may be here noted that complainants, on filing their bill obtained an interlocutory decree enjoining the defendant from attempting to collect rents, except in chancery court, and this decree was given without requiring any bond. It was the manifest purpose of the interlocutory decree appealed from to protect both parties to the litigation until the cause could be tried upon its merits. The only error, if any, was in granting any appeal from an interlocutory decree which in fact settled none of the rights of the parties.

Let the decree of the lower court therefore be affirmed, and the cause remanded.

*Affirmed and remanded.*